UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Temple, # 274802, | ) C/A No. 8:13-3426-JFA-JDA |
|                  Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) of |
| Chaplain Unknown Morrison; | ) Magistrate Judge |
| Warden Joseph McFadden; | ) on |
| Associate Warden Fred Thompson; | ) Motion for TRO and |
| Associate Warden James Blackwell; | ) Preliminary Injunction |
| Chaplain James Cuttino; | ) |
| Muslim Chaplin Tamir Abdul Mutakabbir, *in their* | ) |
| *individual and official capacity*, | ) |
|                  Defendants. | ) |

Plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections. Plaintiff has submitted a Motion for Temporary Restraining Order/Preliminary Injunction [Doc. 3], wherein he seeks a court order directing Defendants to arrange for Plaintiff "and other inmates with similar religious beliefs" to have worship services and study classes in a designated area with a representative of the Nation of Islam, allowing them to receive "final call newspapers" immediately without them being sent to the Correspondence Review Committee, and allowing them to receive DVDs, rugs, books, and oils [*Id*. at 3–4].

Insofar as Plaintiff seeks a temporary restraining order, as a *pro se* litigant, Plaintiff cannot satisfy the "attorney certification" requirement for a temporary restraining order required under Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court. *See Demorcy v. Cook*, Civil Action No. 8:13-1494-JFA-JDA, 2013 WL

5332146, at *2 (D.S.C. Sept. 23, 2013); *Jones v. S.C. Dep't of Corr.*, Civil Action No. 5:12-3554-RBH, 2013 WL 3880175, at *5 (D.S.C. July 26, 2013). Moreover, Plaintiff has not demonstrated that he is entitled to the extraordinary remedy of a TRO because he has not shown that he will be subject to immediate and irreparable injury, loss or damage before the adverse party may be heard in opposition. *See* Fed. R. Civ. P. 65(b). "In general, the purpose of a TRO is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction." *Gallipeau v. Mitchell*, Civil Action No. 3:07-3522-JFA-JRM, 2008 WL 349990, at *2 (D.S.C. Feb. 7, 2008) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 US. 423 (1974)). Plaintiff's Complaint and Motion allege that the violations to his religious freedom have been ongoing since February of 2012. [Doc. 1 at 6, Doc. 3 at 3.] Plaintiff has not alleged an extenuating or emergency circumstance that has changed in the intervening time such that a TRO is appropriate. The relief Plaintiff seeks may be pursued through his request for a preliminary injunction and through the remaining litigation of this case.

As to his motion for a preliminary injunction, under Rule 65(a), a district court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1).[*] This case is not "in proper form" because Plaintiff did not sign the signature page of the

---

[*] In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 19–20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."), *reaffirming* prior decision reported at *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009), *cert. granted and judgment vacated*, 559 U.S. 1089 (2010).

Complaint and did not submit service documents (Forms USM-285 and a summons). Hence, in a separately-filed order, the undersigned has directed Plaintiff, within twenty-one days, to sign the Complaint and to submit Forms USM-285 and a summons. The Complaint and Motion for Preliminary Injunction cannot even be served upon Defendants until Plaintiff signs the Complaint, completes the needed service documents, and returns them to the Clerk's Office.

### *Recommendation*

In light of the foregoing, it is recommended that the District Court deny Plaintiff's Motion for TRO/Preliminary Injunction [Doc. 3].  Plaintiff may refile his motion for preliminary injunction after the case is brought into proper form.


                                                        s/ Jacquelyn D. Austin
                                                        United States Magistrate Judge

December 12, 2013
Greenville, South Carolina

**Plaintiff's attention is directed to the Notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4