UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Temple, # 274802, | ) C/A No. 8:13-3426-JFA-JDA |
|                         Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Chaplain Unknown Morrison;<br>Warden Joseph McFadden;<br>Associate Warden Fred Thompson;<br>Associate Warden James Blackwell;<br>Chaplain James Cuttino;<br>Muslim Chaplin Tamir Abdul Mutakabbir, *in their individual and official capacity*, | ) |
|                         Defendants. | ) |

## *Background of this Case*

This is a civil rights action filed by a state prisoner. In an order [Doc. 8] filed in this case on December 12, 2013, the undersigned directed Plaintiff to bring this case into "proper form" by submitting a summons and Forms USM-285. Plaintiff did so. Hence, in an order [Doc. 16] filed in this case on December 27, 2013, the undersigned authorized service of process upon Defendants.

Five Defendants have been served and have answered. On March 7, 2014, the United States Marshals Service apprised the Clerk's office that service has not been made upon Chaplain Unknown Morrison [Doc. 34]. Hence, in an order [Doc. 37] filed in this case on March 10, 2014, the undersigned directed Plaintiff to submit a new summons and new Form USM-285 for Chaplain Unknown Morrison with a more accurate address for service

of process. In the order of March 10, 2014, the undersigned also apprised Plaintiff that Chaplain Unknown Morrison would be subject to dismissal under Fed. R. Civ. P. 4(m) after the 120-day period established by the holding in *Robinson v. Clipse*, 602 F.3d 605, 609–10 (4th Cir. 2010), had expired. Plaintiff has not submitted a new summons or Form USM-285 for Chaplain Unknown Morrison. The 120-day period under *Robinson v. Clipse* expired on April 27, 2014.

Pursuant to the order issued on March 10, 2014, Plaintiff was given an opportunity to submit a new summons and Form USM-285 for Chaplain Unknown Morrison, but did not do so and did not otherwise seek an extension of time prior to the expiration of the 120-day period. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if a defendant is not served within 120 days. *See*, *e.g.*, *Mendez v. Elliott*, 45 F.3d 75, 78–80 (4th Cir. 1995) (collecting cases).[*]

---

[*]Other courts were not kindly disposed to the holding in *Mendez v. Elliott*. In *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999) ("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of *Mendez* is seriously in doubt."), the district court concluded that *Mendez v. Elliott* was superannuated by *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule *Mendez v. Elliott*. *See also Melton v. TYCO Valves & Controls, Inc.*, 211 F.R.D. 288, 289–90 (D. Md. 2002) ("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527."). *But see Vander Linden v. Wilbanks*, 128 F. Supp. 2d 900, 904 n. 2 (D.S.C. 2000) (noting that while some unpublished Fourth Circuit decisions cast doubt on *Mendez*, there was no published Fourth Circuit decision repudiating it). Even if *Mendez v. Elliott* has been superannuated by *Henderson v. United States*, Chaplain Unknown Morrison should be dismissed *without prejudice* for failure of
(continued...)

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss Chaplain Unknown Morrison *without prejudice* for failure of service of process. The attention of the parties is directed to the Notice on the next page.

s/ Jacquelyn D. Austin<br>
United States Magistrate Judge

April 30, 2014
Greenville, South Carolina

---

(...continued)
service of process because Plaintiff was given an opportunity to submit a new summons and Form USM-285 for Chaplain Unknown Morrison but did not do so and did not otherwise seek an extension of time prior to the expiration of the 120-day period.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).