IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dennis Temple, | ) | Case No.  8:13-cv-03426-JFA-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Warden Joseph McFadden, | ) | |
| Associate Warden Fred Thompson, | ) | |
| Associate Warden James Blackwell, | ) | |
| Chaplain James Cuttino, and | ) | |
| Muslim Chaplain Tamir Abdul Mutakabbi, | ) | |
| *in their individual and official capacities*, | ) | |
| | ) | |
| Defendants.[*] | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment filed by
Defendants and a motion to dismiss filed by Plaintiff. [Docs. 58, 74.] Plaintiff is proceeding
pro se and brings this civil rights action under 42 U.S.C. § 1983 and the Religious Land
Use and Institutionalized Persons Act ("RLUIPA").  Pursuant to the provisions of 28 U.S.C.
§ 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is
authorized to review all pretrial matters in pro se cases and to submit findings and
recommendations to the District Court.

Plaintiff filed this action, alleging Defendants interfered with his right to the free
exercise of religion.  [Doc. 1.]  Defendants filed a motion for summary judgment on May
7, 2014.  [Doc. 58.]  By Order filed May 8, 2014, pursuant to *Roseboro v. Garrison*, 528
F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment
procedure and the possible consequences if he failed to adequately respond to the motion.

---

[*]Chaplain Unknown Morrison was dismissed as a defendant on July 23, 2014 without prejudice for
failure of service of process. [Doc. 71.]

[Doc. 59.] On August 11, 2014, apparently in response to Defendants' motion, Plaintiff filed a motion to dismiss the action. [Doc. 74.] Defendants' filed a response to the motion to dismiss on August 28, 2014. [Doc. 75.] The motions are now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or

> causes to be subjected, any citizen of the United States or any
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements:

(1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the

United States" and (2) that the defendant "deprived [him] of this constitutional right under

color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos v. Anderson*,

249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action"

requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured
> by the Constitution are protected only against infringement by
> governments.  This fundamental limitation on the scope of
> constitutional guarantees preserves an area of individual
> freedom by limiting the reach of federal law and avoids
> imposing on the State, its agencies or officials, responsibility
> for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653,

658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the

deed of an ostensibly private organization or individual" may at times be treated "as if a

State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic

Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only

if, there is such a 'close nexus between the State and the challenged action' that seemingly

private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v.

Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged

3

constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as

4

one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed.

R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court

explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v.*

*Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short
> and plain statement of the claim showing that the pleader is
> entitled to relief," in order to "give the defendant fair notice of
> what the . . . claim is and the grounds upon which it rests."
> While a complaint attacked by a Rule 12(b)(6) motion to
> dismiss does not need detailed factual allegations, a
> plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements of a
> cause of action will not do.  Factual allegations must be
> enough to raise a right to relief above the speculative level
> on the assumption that all the allegations in the complaint
> are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed.

2004) ("[T]he pleading must contain something more . . . than a bare averment that the

pleader wants compensation and is entitled to it or a statement of facts that merely

creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing

5

*Twombly*, 550 U.S. at 556).  The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability.  *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)).  Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief.  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

6

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

7

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

As stated, Defendants filed a motion for summary judgment.  Plaintiff has not opposed the motion for summary judgment, and, instead, filed a motion to dismiss the action.  Accordingly, Defendants' motion for summary judgment should be granted as unopposed, and Plaintiff's motion to dismiss should be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that Defendants' motion for summary judgment be GRANTED AS UNOPPOSED, and Plaintiff's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 4, 2014
Greenville, South Carolina

8